# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1142V
(not to be published)

| | |
|---|---|
| PAMELA VITRANO,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: November 9, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Harrison Whitten Long*, Rawls Law Group, Richmond, VA, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

  On September 3, 2020, Pamela Vitrano filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), on September 11, 2019. The administration records indicate the vaccine was administered in the left arm. Petitioner alleges that she suffered a left shoulder injury related to vaccine administration (SIRVA) within the time period set forth in the Table, and further alleges that she experienced the residual effects of her injury for more than six months.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent denies that Petitioner sustained a SIRVA Table injury; denies that Petitioner's alleged shoulder injury was caused-in-fact by the flu vaccine and denies that the flu vaccine caused Petitioner any other injury or her current condition. ECF No. 38. On August 18, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. *Id.*

Petitioner has now filed a motion for attorney's fees and costs, dated September 8, 2022 (ECF No. 42), requesting a total award of $12,758.50 (representing $11,504.60 in fees and $1,253.90 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 42-3.  Respondent did not file a response.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$12,758.50** (representing $11,504.60 in fees and $1,253.90 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                             s/Brian H. Corcoran
                                             Brian H. Corcoran
                                             Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.